UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| TANIMURA & ANTLE FRESH FOODS, INC., a corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>PARMA FRUIT, INC., a corporation; MPGWEST, LLC, a limited liability company; WILLIAM L. PENNY, an individual; GARY L. LUTES, an individual, and JASON W. WESNER, an individual,<br><br>            Defendants. | CASE NO. 5:16-cv-02523<br><br>**ORDER RE STIPULATED PRELIMINARY INJUNCTION**<br><br>DATE:       January 6, 2016<br>TIME:        10:00 a.m.<br>PLACE:     Courtroom 1 |

   This matter is before the Court upon Plaintiff's Motion for Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

   Plaintiff TANIMURA & ANTLE FRESH FOODS ("Plaintiff") is a produce dealer and creditor of Defendant PARMA FRUIT, INC. ("Parma") and MPGWEST, LLC, (MPGWEST") under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c).  Plaintiff has established sufficiently for this Order that Defendants have not paid the principal sum of $453,671.75 due to Plaintiff for produce

1

purchased by Defendants as required by the PACA.  Plaintiff also established sufficiently for this Order to the Court's satisfaction that Defendants are in severe financial jeopardy and the PACA Trust is being threatened with dissipation.  Based upon the affidavits and certification of Plaintiff and Plaintiff's counsel, it appears that Defendants are not or may not be in a position to pay Plaintiff's PACA claims.

The pleadings and supporting documents on file establish sufficiently for this Order the Defendants either dissipated the PACA Trust or have presented a sufficient threat of dissipation of such trust to warrant the relief granted in this Order.  On the basis of the pleadings, affidavits and other documents submitted to the Court, it appears the Plaintiff will suffer immediate and irreparable injury due to Defendants' dissipation of the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief.  For these reasons, on December 9, 2016, this Court granted Plaintiff's ex parte application for a Temporary Restraining Order ("TRO") noting in particular that doing so without notice to Defendants was justified under the facts alleged by Plaintiff.  [Document 9].

Upon review of the Proof of Service filed by Plaintiff on December 12, 2016 [Document 10], this Court concludes that Defendants were properly and timely served with the TRO and all other pleadings filed in that action.  Defendants have not filed any opposition to either the TRO or Plaintiff's application for an Order re Preliminary Injunction.

Upon review of the Stipulated Order re Preliminary Injunction entered into by and between Plaintiff and Defendants Parma, MPGWEST and WILLIAM L. PENNY (collectively, "Defendants") as well as the Complaint of Plaintiff on file in the above-titled action, Plaintiff's *ex parte* application for injunctive relief, the declarations, exhibits and Memorandum of Points and Authorities in Support of Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction and all documents on file with the Court, this Court has determined that Plaintiff has shown that absent an injunction, Plaintiff will suffer irreparable harm from the danger of dissipation of assets

subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a-q, *et seq.* ("PACA"). Further, Plaintiff, valid PACA trust creditors, have demonstrated a likelihood of success on the merits. Based upon the foregoing,

IT IS HEREBY ORDERED that Defendants, be and hereby are preliminarily enjoined during the pendency of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in, committing, or performing directly and indirectly, any and all of the following facts:

A. Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities and/or receipts of payment for such commodities sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

B. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

C. Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA")].

IT IS FURTHER ORDERED that Defendants and their owners, officers, directors, shareholders, employees, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, shall within 24 hours after being served with this Order deposit into the trust account of Plaintiff's counsel, Jing Tong, Esq. of Rynn & Janowsky, LLP, PACA Trust assets within their possession or under their control in the amount of at least $530,570.58, which includes the amount of the PACA trust principal owing to Plaintiff of $453,671.75 plus finance charges accrued through December 6, 2016, in the amount of $67,599.83, plus reasonable attorney's fees in the amount of $8,899.00, plus filing fees of $400.00.

IT IS FURTHER ORDERED that during the pendency of this action, Defendants, their owners, officers, directors, shareholders, employees, agents, subsidiaries,

successors, assignees, principals, assignors, attorneys shall be and hereby are prevented from transferring, withdrawing or in any other manner removing PACA trust assets, including funds on deposit in banking accounts held by or on behalf of Defendants, or any of them, from Defendants' banking accounts, including but not limited to Defendants' accounts held at Wells Fargo Bank, located at 79234 Highway 111, La Quinta, CA 92253 account number 2220551036, or any other banking account standing in Defendants' names, or any one of them, or for their benefit.

IT IS FURTHER ORDERED that during the pendency of this action, Defendants, its owners, officers, directors, shareholders, employees, agents, subsidiaries, successors, assignees, principals, assignors, attorneys, shall be preliminarily enjoined from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

D.  Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities, including, but not limited to growing crops, and/or receipts of payment for products sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

E.  Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

F.  Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA")];

IT IS FURTHER ORDERED that in the event Defendants lack sufficient PACA Trust funds to promptly deposit the sums described above, Defendants shall be and hereby are required and ordered to:

G.  Immediately account to the Court and Plaintiff for all assets of the PACA trust from commencement of Defendants' business through the date of this Order.

H.  Endorse any checks made, endorsed or paid, wire transfers, and cash receipts to Defendants which are trust assets and which are in their possession or

obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of growing crops, and shall deliver said assets within 48 hours of Defendants' receipt of them to Plaintiff's counsel as set forth above.  Likewise, Defendants shall deliver any cash assets of the PACA trust which are in its possession or are obtainable by Defendants at the time of the entry of this order, or which Defendants obtain or which become obtainable by Defendants after entry of this Order, within 48 hours of Defendants' receipt of them to Plaintiff's counsel.

      I.      Deposit all checks, wire transfers and cash receipts received after the issuance of the order with the court or in Wells Fargo Bank, which shall be frozen until there are sufficient assets set aside to pay Plaintiff in the amount of $530,570.58.

      IT IS FURTHER ORDERED that during the pendency of this action, and continuing thereafter, Plaintiff and its counsel, agents, or representatives, shall have upon two weeks notice to Defendants, full and complete and continuing access to all of Defendants' books and records, which shall include but not necessarily be limited to, Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating to Defendants' business and personal financial status from commencement of Defendants' business activities forward for the purpose of verifying Defendants' accountings required by this Order and for enforcement of this Order.  Defendants shall, upon 72 hours notice by Plaintiff's counsel, allow inspection and copying of the books and records of said Defendants by Plaintiff or their representatives at Defendants' place of business.  Defendants will be required to report to the Court and to Plaintiff's counsel on a weekly basis to the amount and status of its receivables and payments received.

      IT IS FURTHER ORDERED that during the pendency of this action, Plaintiff shall be entitled to depose, under oath, at reasonable times and places, upon at least 72 hours notice, Defendants and/or Defendants' other principals, owners, directors, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any

accounting due pursuant to this Order, any books which Plaintiff is entitled to inspect under this Order, the trust assets or any of Defendants' assets, and/or Defendants' business practices, procedures or operations from commencement of Defendants' business activities.

IT IS FURTHER ORDERED that Wells Fargo Bank and any other bank holding funds standing in the name of or for the benefit of Defendants, or any of them, including without limitation, Bank of America, shall release information about the above-described accounts including the amounts contained in the accounts, in confidence, to Plaintiff's counsel to the extent necessary to verify compliance with the terms of this Order.

IT IS FURTHER ORDERED that no bond shall be required to be posted by Plaintiff before the Preliminary Injunction is effective.

DATED: January 5, 2017

U.S. DISTRICT COURT JUDGE